**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS ANGEL LORENZO,           :<br>          Plaintiff                          :<br>                                             :<br>     vs.                                   :     CIVIL ACTION NO. 3:CV-06-1681<br>                                             :     (JUDGE VANASKIE)<br>CARBON COUNTY PROBATION and  :<br>CARBON COUNTY D.A.'S OFFICE,    :<br>          Defendants                    : | |

**ORDER**

**April 20, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pro se Plaintiff Luis Angel Lorenzo alleges that Defendants, Carbon County's Probation Department and District Attorney's Offices, violated his civil rights by revoking his participation in Pennsylvania's Accelerated Rehabilitation Disposition Program ("ARD Program") based on his failure to meet monthly payment obligations.[1]  (Compl. (Dkt. Entry 1) at 2.)  According to Mr. Lorenzo, he was unable to pay his financial obligations because of economic hardship, including unforeseen medical expenses.  (Id. at 2-3.)  As a result of Mr. Lorenzo's failure to meet his financial obligations under the ARD Program, his probation officer and an assistant

---

[1] Mr. Lorenzo filed his complaint under 28 U.S.C. § 1348 (granting federal district courts original jurisdiction over matters involving any national banking association), which is not applicable to this matter.  (Compl. (Dkt. Entry 1) at 1.)  Based on Mr. Lorenzo's assertions that Defendants, state actors, violated his constitutional rights, the Court presumes that Mr. Lorenzo is seeking relief under 42 U.S.C. § 1983.

district attorney initiated an ARD termination proceeding before Carbon County Judge Richard Webb.  (Id. at 2.)  After conducting a hearing on the matter, Judge Webb found that Mr. Lorenzo violated a condition of the ARD Program and ordered that Mr. Lorenzo be terminated from the program.  (Id.)

Following his termination from the ARD Program, Mr. Lorenzo pled guilty to driving under the influence of alcohol in violation of Section 3802(a)(1) of the Pennsylvania Vehicle Code.  Pennsylvania v. Lorenzo, No. CP-13-CR-0000248-2004 (Pa. Ct. Com. Pl Carbon Cty. July 21, 2006) (order imposing sentence/penalty).  Mr. Lorenzo received six months' probation as his sentence.[2]  Id.  Mr. Lorenzo's criminal proceeding came to an end on August 21, 2006, when he elected not to file a notice of appeal within thirty (30) days of the July 21, 2006 entry of judgment.[3]  See Pa. R. App. P. 903.

Mr. Lorenzo filed a complaint in this Court on August 28, 2006.  (Compl. (Dkt. Entry 1).)  He appears to be pursuing three claims against Defendants.  First, Defendants deprived him of his Sixth Amendment right to counsel by denying his requests for a public defender.  (Id. at 2; see also Am. Compl. (Dkt. Entry 9) at 1.)  Second, his financial obligations under the ARD

---

[2] A probation revocation proceeding i now pending in state court.  Pennsylvania v. Lorenzo, No. CP-13-CR-0000248-2004 (Pa. Ct. Com. Pl Carbon Cty. Feb. 15, 2007) (order scheduling hearing).

[3] While Mr. Lorenzo could not immediately appeal Judge Webb's termination of his participation in the ARD Program, see Rule 318 of the Pennsylvania Rules of Criminal Procedure, he could have appealed the termination after the judgment of sentence was imposed.  See Pennsylvania v. Kraft, 739 A.2d 1063, 1064 (Pa. Super. Ct. 1999).

Program were excessive, in violation of his Eighth Amendment right to be free of excessive fines. (Compl. (Dkt. Entry 1) at 2; Am. Compl. (Dkt. Entry 9) at 1-2.) Lastly, Defendants' refusal to consider evidence showing his inability to pay his financial obligations deprived him of due process under the Fourteenth Amendment. (Compl. (Dkt. Entry 1) at 2-3; Am. Compl. (Dkt. Entry 9) at 1-2.)

In addition to his complaint and amended complaint, Mr. Lorenzo also filed a motion for leave to proceed in forma pauperis. (Dkt. Entry 2.) This matter is before the court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2), and for resolution of Defendants' motion to dismiss.[4] (Dkt. Entry 6). Because Mr. Lorenzo fails to state a claim on which relief may be granted, the Court will dismiss the matter.

Mr. Lorenzo first claims that Defendants violated his Sixth Amendment right to counsel by failing to grant his request for a public defender. Mr. Lorenzo's claim fails, though, because neither the Carbon County Probation Department nor the Carbon Country District Attorney's

---

[4] Defendants' motion to dismiss primarily argues that the Court lacks jurisdiction over this matter under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine dictates that federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The Supreme Court, though, has chastised lower courts about applying the doctrine too broadly. Id. at 283, 291-94. Because the Court finds that Mr. Lorenzo fails to state a claim upon which relief may be granted against the named Defendants, the Court will refrain from deciding whether this case falls under the "narrow ground occupied by Rooker-Feldman." Id. at 284.

Office is empowered to appoint counsel for an indigent defendant.  See Pa. R. Crim. P. 122-23.  Rather, the *trial court* shall appoint counsel for "all defendants who are without financial resources or who are otherwise unable to employ counsel."[5]  Pa. R. Crim. P. 122.  Defendants did not deprive Mr. Lorenzo of his right to counsel because they could not appoint counsel for him.

Mr. Lorenzo's Eighth Amendment claim fails for similar reasons.  The conditions for Mr. Lorenzo's ARD Program, including his financial obligations, were established by court order.[6]  Pennsylvania v. Lorenzo, No. CP-13-CR-0000248-2004 (Pa. Ct. Com. Pl Carbon Cty. Aug. 9, 2004) (order granting ARD).  Defendants are not authorized to set the conditions for ARD.  Pa. R. Crim. P. 313, 316.  Thus, Defendants did not violate Mr. Lorenzo's Eighth Amendment right against excessive fines.

Finally, Mr. Lorenzo fails to allege that Defendants violated his right to due process under the Fourteenth Amendment.  Mr. Lorenzo asserts that Defendants deprived him of due process by failing to consider evidence that he could not pay his financial obligations. (Compl. (Dkt. Entry 1) at 2-3; Am. Compl. (Dkt. Entry 9) at 1-2.)  Mr. Lorenzo concedes, though, that he "explain[ed] all [of his difficulties paying the ARD obligation] to the judge" during his ARD

---

[5]  It should be noted that the doctrine of judicial immunity would bar Mr. Lorenzo from pursuing a suit for *money damages* against any of the judges that presided over his state court proceeding.  Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam).

[6]  Mr. Lorenzo could have refused to accept the ARD conditions if he found them unfavorable.  Pa. R. Crim. P. 317.

Program termination hearing. (Compl. (Dkt. Entry 1) at 2.) After considering Mr. Lorenzo's difficulties, Judge Webb found that he violated the conditions of the ARD Program and terminated his participation in the program. As such, Mr. Lorenzo has failed to allege how Defendants violated his due process rights; he had an opportunity to present his position during a hearing before a neutral decisionmaker. See Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case."); Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal., 508 U.S. 602, 617 (1993) ("due process requires a neutral and detached judge in the first instance"). Mr. Lorenzo has thus failed to present an actionable due process claim against Defendants.

**NOW, THEREFORE**, for the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. Pursuant to 28 U.S.C. § 1915(e)(2), The above-captioned matter is **DISMISSED**.

2. The Clerk of Court is directed to mark this matter **CLOSED.**

3. Any appeal from this Order will be deemed frivolous, lacking in probable cause and not taken in good faith.

                **s/ Thomas I. Vanaskie**
                Thomas I. Vanaskie
                United States District Judge